FILED
JUL 2 7 2005
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re　　　　　　　　　　　　　)　　Case No. 05-26480
　　　　　　　　　　　　　　　　)
ELIZABETH J. SAYERS,　　　　　 )　　MC No. ISL-1
　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　Debtor.　　　　　　　 )
_____)

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON MOTION TO VACATE STAY**

These findings of fact and conclusions of law are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014.

<u>Jurisdiction</u>

Jurisdiction is founded upon 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(G).

<u>Findings of Fact</u>

Debtor filed this voluntary chapter 7 petition on May 27, 2005. She scheduled a 2000 Dodge Durango ("vehicle") as property of the estate. The vehicle was not claimed as exempt.

15

In debtor's Statement of Intention, she stated she intended to surrender the vehicle. The chapter 7 trustee filed a report finding that there was no property available for distribution from the estate over and above that exempted by debtor.

On June 30, 2005, First Financial Credit Union ("movant") filed a motion, notice, and declaration requesting that this court vacate the automatic stay to permit movant to repossess the vehicle. Upon review of the record, the court determined that the written record was adequate and that no oral argument is necessary.

## Conclusions of Law

The automatic stay of acts against the debtor in personam and of acts against property other than property of the estate continues until the earliest of the time when the bankruptcy case is closed, dismissed, or an individual in a chapter 7 case is granted a discharge. 11 U.S.C. § 362(c). However, the automatic stay may be terminated earlier if debtor fails to adequately protect the secured party's interest, § 362(d)(1), and, with respect to a stay of an act against property, the debtor does not have equity in the property, § 362(d)(2)(A), and the property is not necessary to an effective reorganization. § 362(d)(2).

Because the debtor stated an intention to surrender the vehicle, the motion will be granted as to the debtor.

As to the trustee, the motion will be granted because the trustee issued a no asset report.

```
 1   An appropriate order will issue.
 2   Dated: July 27, 2005
 3
 4                                          _____
                                            UNITED STATES BANKRUPTCY JUDGE
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
```